UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE PAYTON,

    Petitioner,

  v.        CAUSE NO.: 3:18-CV-273-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

  Andre Payton, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision at the Indiana State Prison in which a disciplinary hearing officer found him guilty of inciting a riot in violation of the Indiana Department of Correction Offense A-103. Mr. Payton was sentenced with a loss of 180 days of earned credit time and a demotion from Credit Class 1 to Credit Class 2. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

  Mr. Payton argues that he is entitled to habeas relief because the hearing officer did not find in his favor despite being presented with the surveillance video recording and the exculpatory witness statements from Lieutenant Gillespie and Lieutenant Watson. Under departmental regulations, inciting a riot is defined as:

> Encouraging, directing, commanding, coercing, or signaling one or more other persons to participate in a disturbance to facility order caused by a group of two (2) or more offenders which creates a risk of injury to persons or property or participating in such a

disturbance or remaining in a group where some members of the group are participating in such a disturbance.

The administrative record included a disciplinary report, stating that, on February 4, 2018, Lieutenant McCormick arrived at Mr. Payton's cellhouse, and several offenders refused to return to their cells because the electricity wasn't working. Mr. Payton approached Lieutenant McCormick and said he wanted guarantees about showers and electricity or he would instruct the other inmates not to return to their cells. Lieutenant McCormick said that he couldn't guarantee electricity because he had no control over that but that he would discuss showers with the captain. Mr. Payton responded that he wouldn't tell the other inmates to return to their cells without a guarantee. After Mr. Payton spoke with Lieutenant Gillespie and Lieutenant Watson, he relented, went to his cell, and told other inmates to do the same. Four other correctional officers submitted written statements corroborating the disciplinary report.

The administrative record also included a summary of the video recording, which indicated merely that Mr. Payton spoke with Lieutenant McCormick at the relevant time. Further, Lieutenant Gillespie and Lieutenant Watson provided written statements that contradicted the disciplinary report, describing Mr. Payton's statements as an effort to mediate between inmates and staff.

To satisfy due process, there must be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison

2

disciplinary board's decision to revoke good time credits has some factual basis."

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). Mr. Payton asks the court to reweigh the evidence, something the court can't do. The written statements of five officers support the charge of inciting a riot, which qualifies as some evidence. As a result, the claim that the hearing officer didn't credit the evidence in Mr. Payton's favor provides no basis for habeas relief.

Mr. Payton also argues that he is entitled to habeas relief because the hearing officer considered witness statements without providing giving Mr. Payton advance notice of these witnesses. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). While the right to procedural due process gives Mr. Payton certain enumerated procedural rights for disciplinary proceedings, the right to advance notice of witnesses isn't included among them. See id. at 563-566; White v. Ind. Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by Wolff). As a result, the claim

3

that the hearing officer considered witnesses statements without prior notice is not a basis for habeas relief.

Next, Mr. Payton argues that he is entitled to habeas relief because he didn't get advance notice of the disciplinary hearing date. He says he was told that his hearing would be no later than February 7, but that he was brought to a hearing on February 14, without any notice that the hearing would be held that day.

> [W]ritten notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary hearing officer].

Wolff v. McDonnell, 418 U.S. at 564. Stated otherwise, procedural due process didn't require that Mr. Payton receive notice of the hearing date twenty-four hours in advance but instead required that he receive notice of the charges at least twenty-four hours before the hearing so that he could prepare his defense. The screening report demonstrates that Mr. Payton received adequate notice of the charges and getting additional time to prepare his defense doesn't entitle him to habeas relief.

Because it's clear from the petition and attached exhibits that Mr. Payton isn't entitled to habeas relief, the petition is denied. If Mr. Payton wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis

4

on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

    (1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

    (2) WAIVES the filing fee;

    (3) DIRECTS the clerk to enter judgment and to close this case; and

    (4) DENIES Andre Payton leave to proceed in forma pauperis on appeal.

SO ORDERED on March 21, 2019

                                            /s/ Robert L. Miller, Jr.
                                            JUDGE
                                            UNITED STATES DISTRICT COURT